JUSTICE NELSON,
dissenting.
¶37 I respectfully dissent from the Court’s decision.
¶38 Before making loans to alcohol retailers, Northern sought and received written approval from the DOJ. The DOJ, however, did not report its approval of these loans to the DOR. The DOR remained blissfully unaware of the loans that the DOJ had approved. Yet, pursuant to an MOU entered into between the DOR and the DOJ, the DOJ investigated Northern and then reported to the DOR the loans that the DOJ had previously approved. The DOR was already aware that Williamson owned controlling interests in Shelby Distributors and *498 Northern. But upon receiving the DO J’s report, the DOR first became aware of the loans that Northern had made and which had been previously approved by the DOJ. The DOR then determined to prosecute and sanction Shelby Distributors for loans which the DOJ had approved. Indeed, a DOJ hearing examiner heard the DOR’s petition to revoke Shelby Distributor’s license and determined that the loans which the DOJ had approved violated the DOR’s regulations. The DOR director then approved the DOJ hearing examiner’s decision. In short, DOR determined that Shelby Distributors was SOL because Northern went forward with an activity which DOJ had expressly approved. It doesn’t take Ansel Adams to see that something is wrong with this picture.
¶39 I refuse to accept the proposition that executive agencies of this State, especially those administrating closely related activities-and what can be more closely related than the licensing and regulation of alcohol sales and gambling?-either cannot or will not investigate and share information so as to prevent the needless inconvenience to and penalization of Montana businesses and citizens exemplified by this case. While the DOJ and the DOR may be separate agencies, Opinion, ¶¶ 13, 21, 24-25, they are not separate sovereigns. They are both executive branch agencies that function as part of the same state government and enforce a common body of public laws and administrative regulations-and, in theory at least, serve the same business community and citizenry.
¶40 I cannot agree with our parsing of these laws and administrative regulations-these are DOR’s, these are DOJ’s, and never the two shall meet. Opinion, ¶¶ 21-23. In truth, these laws and regulations are the State of Montana’s, and it is fundamentally unfair that Montana businesses and citizens should suffer being investigated and penalized-with all of the attendant cost and expense-because the right hand of state government is intentionally ignorant about what the left hand of state government is doing.
¶41 The fact that there are two separate businesses requiring separate licenses, Opinion, ¶ 24, is beside the point. The licenses are issued by, and the licensees regulated by, the same sovereign power-the State of Montana. It cannot logically follow that because the State acts through its executive branch agencies, these agencies are permitted-muchless, required-to be intentionally oblivious to each other’s activities.
¶42 Justice Cotter was right when, in writing her concurrence in Seaman v. State, Dept. of Revenue, 2002 MT 34, 308 Mont. 307, 42 P.3d 790, she concluded that it is “at best mean-spirited and at worst *499 deceitful” when the government (there the same agency, the DOR) gives with one hand while taking away with the other. Seaman, ¶ 30 (Cotter & Nelson, JJ., specially concurring). Indeed, as Justice Cotter demonstrates in her Dissent here, this sort of legerdemain results in a violation of the substantive due process rights of the businesses and citizens targeted.
¶43 Unfortunately, our decision here will simply encourage more of the same. I decline to support the perpetuation of this deliberate, interagency anopsia any further. I would reverse on Issue 1; I would decline to reach Issue 2.
¶44 Accordingly, I respectfully dissent.